Query   Reports   Utilities   Help   What's New   Log Out

CLOSED

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CRIMINAL DOCKET FOR CASE #: 1:22-mj-01106-PK-2

Case title: USA v. Chen et al                    Date Filed: 10/13/2022

                                                 Date Terminated: 10/13/2022

Assigned to: Magistrate Judge Peggy Kuo

**Defendant (2)**

**Rongjian Li**                    represented by **Jeffrey G. Pittell**
*TERMINATED: 10/13/2022*                          Maher & Pittell LLP
                                                  42-40 Bell Blvd.
                                                  Suite 302
                                                  Bayside, NY 11361
                                                  516-829-2299
                                                  Fax: 516-977-3003
                                                  Email: jp@jpittell.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*
                                                  *Designation: CJA Appointment*

**Pending Counts**                                **Disposition**
None

**Highest Offense Level (Opening)**
None

**Terminated Counts**                             **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                                    **Disposition**
18:1956-3300.F

**Plaintiff**
**USA**                            represented by **Andrew David Reich**

United States Attorney's Office, EDNY
271-A Cadman Plaza East
Brooklyn, NY 11201
718-254-6452
Email: andrew.reich@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/13/2022 | 1 | RULE 5 AFFIDAVIT/REMOVAL TO THE DISTRICT OF MASSACHUSETTS by USA as to Yanbing Chen, Rongjian Li, Jin Hua Zhang (Attachments: # 1 Exhibit A) (FC) (Entered: 10/14/2022) |
| 10/13/2022 |  | Arrest (Rule 5) of Yanbing Chen, Rongjian Li, Jin Hua Zhang (FC) (Entered: 10/14/2022) |
| 10/13/2022 |  | Minute Entry for proceedings held before Magistrate Judge Peggy Kuo:Arraignment as to Rongjian Li (2) Count Complaint held on 10/13/2022, Attorney Appointment Hearing as to Rongjian Li held on 10/13/2022, Initial Appearance in Rule 5(c)(3) Proceedings as to Rongjian Li held on 10/13/2022. AUSA Andrew Reich present. Dft present w/cja counsel Jeffrey Pittell. Mandarin interpreter Way Moi present. Removal proceeding to the District of Massachusetts hearing held. Dft waived identity hearing. Dfse counsel & govt agree on a $100,000 bond package with 2 sureties. 2 sureties appeared via teleconference, sworn and advised of the bond obligations and gave consent to the court to sign the bond on their behalf. Dft advised of the bond conditions and signed the bond. Dft released on a $100,000 bond. Rule 5f warnings given to the govt. (FTR Log # 10/13/22 8:31-8:54.) (FC) (Entered: 10/18/2022) |
| 10/13/2022 | 5 | ORDER Setting Conditions of Release as to Rongjian Li (2) $100,000. Ordered by Magistrate Judge Peggy Kuo on 10/13/2022. (FC) (Entered: 10/18/2022) |
| 10/13/2022 | 6 | CJA 23 Financial Affidavit by Rongjian Li (FC) (Entered: 10/18/2022) |
| 10/13/2022 | 7 | CJA 20 as to Rongjian Li: Appointment of Attorney Jeffrey G. Pittell for Rongjian Li. Ordered by Magistrate Judge Peggy Kuo on 10/13/2022. (FC) (Entered: 10/18/2022) |
| 10/13/2022 | 8 | WAIVER of Rule 5(c)(3) Hearing by Rongjian Li (FC) (Entered: 10/18/2022) |
| 10/13/2022 | 12 | ORDER: This order is entered pursuant to Federal Rule of Criminal Procedure 5(f) to confirm the prosecution's disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations as to Yanbing Chen, Rongjian Li, Jin Hua Zhang. Ordered by Magistrate Judge Peggy Kuo on 10/13/2022. (FC) (Entered: 10/18/2022) |
| 10/13/2022 | 13 | Notice to Massachusetts of a Rule 5 or Rule 32 Initial Appearance as to Yanbing Chen, Rongjian Li, Jin Hua Zhang. Your case number is: 22-6321. Docket sheet and documents attached. (If you require certified copies of any documents, please send a request to [InterDistrictTransfer_NYED@nyed.uscourts.gov]. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov.) (FC) (Entered: 10/18/2022) |

AB:ADR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against -<br><br>YANBING CHEN,<br>RONGJIAN LI and<br>JIN HUA ZHANG,<br><br>Defendants. | AFFIDAVIT IN SUPPORT OF REMOVAL TO THE DISTRICT OF MASSACHUSETTS<br><br>(Fed. R. Crim. P. 5)<br><br>Case No. 22-MJ-1106 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

Robiel Ande, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

On or about October 7, 2022 and October 12, 2022, the United States District Court for the District of Massachusetts issued arrest warrants commanding the arrests of YANBING CHEN, RONGJIAN LI and JIN HUA ZHANG on criminal complaints charging violations of Title 18, United States Code, Section 1956(h) (conspiracy to commit money laundering) and Title 21, United States Code, Section 846 (conspiracy to distribute and possess with intent to distribute cocaine).

The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. On or about October 7, 2022, the United States District Court for the District of Massachusetts issued an Arrest Warrant commanding the arrest of JIN HUA ZHANG in connection with a Criminal Complaint charging him with violations of Title 18, United States Code, Section 1956(h) (conspiracy to commit money laundering) and Title 21, United States Code, Section 846 (conspiracy to distribute and possess with intent to distribute cocaine). A true and correct copy of the Criminal Complaint and Arrest Warrant is attached as Exhibit A.

2. On or about October 12, 2022, the United States District Court for the District of Massachusetts issued Arrest Warrants commanding the arrests of YANBING CHEN and RONGJIAN LI in connection with a Criminal Complaint charging YANBING CHEN with violations of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with intent to distribute cocaine) and RONGJIAN LI with violations of Title 18, United States Code, Section 1956(h) (conspiracy to commit money laundering). A true and correct copy of the Criminal Complaint and Arrest Warrants is attached as Exhibit B.

3. On or about October 13, 2022, an indictment was returned in the District of Massachusetts charging YANBING CHEN, RONGJIAN LI and JIN HUA ZHANG for the above offenses. A true and correct copy of the Indictment is attached as Exhibit C.

4. The defendant YANBING CHEN was arrested by FBI agents at approximately 6:03 a.m. on October 13, 2022 at his known residence, 688 85th Street in Brooklyn, New York. Agents recognized the defendant from a photograph of YANBING CHEN that they reviewed prior to the arrest, pursuant to the investigation. The defendant stated that his name was "Yanbing Chen" and that he lived at the residence. The defendant provided a New York State driver's license which bore the name "Yanbing Chen." The date of birth listed on the license was the same as YANBING CHEN's date of birth.

5. The defendant RONGJIAN LI was arrested by FBI agents at approximately 6:06 a.m. on October 13, 2022 at his known residence, 74 Bell Street in Staten Island, New York. Agents recognized the defendant from a photograph of RONGJIAN LI that they reviewed prior to the arrest, pursuant to the investigation. The defendant stated that his name was "Rongjian Li" and that he lived at the residence. The defendant provided a United States passport which bore the name "Rong Jian Li." The date of birth listed on the passport was the same as RONGJIAN LI's date of birth.

6. The defendant JIN HUA ZHANG was arrested by FBI agents at approximately 6:05 a.m. on October 13, 2022 at his known residence, 479 Darlington Avenue in Staten Island, New York. Agents recognized the defendant from a photograph of JIN HUA ZHANG that they reviewed prior to the arrest, pursuant to the investigation. The defendant stated that his name was "Jin Hua Zhang" and that he lived at the residence. The defendant provided a New York State driver's license which bore the name "Jin Hua Zhang." The date of birth listed on the license was the same as JIN HUA ZHANG's date of birth.

7. Based on the foregoing, I submit that there is probable cause to believe that the defendants are the YANBING CHEN, RONGJIAN LI and JIN HUA ZHANG wanted in the District of Massachusetts.

WHEREFORE, your deponent respectfully requests that the defendants YANBING CHEN, RONGJIAN LI and JIN HUA ZHANG be removed to the District of Massachusetts so that they may be dealt with according to law.

*Robiel Ande* (signature)

Robiel Ande
Special Agent
Federal Bureau of Investigation

Sworn to before me this
13th day of October, 2022

_____
[redacted] Y KUO
[MAGI]STRATE JUDGE
[E.D.] NEW YORK

4

Case Case 1:21-cr-00279-AKC Document 62 Filed 11/15/22 Page 7 of 12 PageID #: 56

United States District Court, Eastern District of New York

| UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS OF RELEASE |
|---|---|
| V. | AND APPEARANCE BOND |

Rong Li , Defendant.  Case Number: 22-1106M

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:
- [ ] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or
- [✓] Upon **Bond** executed by the defendant in the amount of $_____, and $100,000
  secured by [✓] financially responsible sureties listed below and/or [ ] collateral set forth below.

### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

- [✓] 1. The defendant must remain in and may not leave the following areas without Court permission: [✓] New York City; [✓] Long Island, NY; [ ] New York State; [ ] New Jersey; [✓] _MA for court_ and travel to and from this Court and the permitted areas.
- [✓] 2. The defendant must avoid all contact with the following persons or entities: _co-dfts except in the presence of counsel_.
- [ ] 3. The defendant must avoid and not go to any of the following locations: _____.
- [✓] 4. The defendant must surrender all passports to Pretrial Services by ____ and not obtain other passports or international travel documents.
- [✓] 5. The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
  - [✓] a. is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;
  - [✓] b. must report [✓] as directed by Pretrial Services or [ ] in person ___ times per ___ and/or [ ] by telephone ___ times per ___.
  - [ ] c. must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
  - [ ] d. must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
  - [✓] e. is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:
    - [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;
    - [ ] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services, [ ] employment, [ ] school or training, [ ]other activities approved by Pretrial Services, [ ] _____
    - [✓] curfew: restricted to home every day from ___ to ___, or [✓] as directed by Pretrial Services.
  - [ ] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.
- [ ] 6. Other Conditions: _____

### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $ _100,000_ and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

- [ ] cash deposited in the Registry of the Court in the sum of $_____ ;
- [ ] premises located at: _____ owned by _____ .
- [ ] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____ .

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs. *Date*

_Sandy Li - by MJK_ , Surety  Address: _____  10/13/22
_Alice Huang (by MJK)_ , Surety  Address: _21 Linda Ave Staten Island, NY 10305_  10/13/22
_____ , Surety  Address: _74 Bell St. Staten Island, NY 10305_

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

Signature of Defendant

The Defendant is hereby ordered on _Oct 13_ 20_22_.

_____ , USMJ

Distribution:  Canary - Court  Pink - Pretrial Services  Goldenrod -Defendant

## STANDARD CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:
(1) The defendant must not violate any federal, state or local law while on release.
(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
(3) The defendant must advise the Court, the Pretrial Services office, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.
(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.
(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(6) If the defendant fails to report as required to the Pretrial Services Agency, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
(7) The defendant must not possess a firearm, destructive device, or other weapon.

## SPECIAL CONDITIONS OF RELEASE FOR TESTING, TREATMENT OR EVALUATION AND FOR LOCATION MONITORING

1. If the defendant fails to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
2. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by Pretrial Services.
3. If defendant is subject to a location restriction program or location monitoring, defendant must:
    (a) stay at his/her residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.
    (b) abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the court, Pretrial Services may require use of one of the following or comparable monitoring technology: Radio Frequency (RF) monitoring; Passive Global Positioning Satellite (GPS) monitoring; Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS); Voice Recognition monitoring.

## FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order Setting Conditions of Release and Bond. The court may immediately order the amount of the bond and any Collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence defendant may receive.
It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If defendant is convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.
A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

Distribution: Canary - Court    Pink - Pretrial Services    Goldenrod -Defendant

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 22-1106M |
| Rong Li | ) | |
| Defendant | ) | Charging District's Case No. |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* MA

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my
   ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 10/13/22

_____
Defendant's signature

_____
Signature of defendant's attorney

Jeffrey Pitell
Printed name of defendant's attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>YANBING CHEN<br>RONGJIAN LI<br>JIN HUA ZHANG,<br>                    Defendant(s). | 22-MJ-1106<br><br>ORDER |

PEGGY KUO, United States Magistrate Judge:

This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

---

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

---

[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. *See* 18 U.S.C. app. 3 §§ 1 *et seq*.

SO ORDERED.

Dated: OCTOBER 13, 2022
       BROOKLYN, NEW YORK

                                                                 *Peggy Kuo*
                                           United States Magistrate Judge