UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JIN HUA ZHANG, ET AL. | Case No. 22-CR-10279-AK |

**SECOND PROPOSED ORDER SETTING CRIMINAL CASE FOR JURY TRIAL**

**A. KELLEY, D.J.**

It is hereby ORDERED that:

This case is set for a jury trial commencing on April 7, 2025, at 9:00 AM. Trial will take place in Courtroom 8 on the third floor of the John Joseph Moakley United States Courthouse in Boston, Massachusetts, before the Honorable Angel Kelley. Trial will commence with jury selection, which will proceed all day if necessary. The parties should anticipate that opening statements and presentation of evidence will begin at 9:00 AM on April 7, 2025. Trial will be conducted daily from 9:00 AM to 1:00 PM until deliberations, unless the Court orders otherwise. The Court will meet with counsel at 8:30 AM each day to resolve evidentiary or other legal issues.

I.  **INTERIM PRETRIAL CONFERENCE**

   A. In addition to the interim pretrial conference already scheduled be held remotely via Zoom on Wednesday, November 20, 2024, at 10:00 AM, a second **<u>interim pretrial conference</u>** will be held in Courtroom 8 on **Thursday, March 6, 2024, at 2:00 PM**.

   B. Unless excused by the Court, each party shall be represented at this conference by lead trial counsel.

II.  **FINAL PRETRIAL CONFERENCE**

    A.  A **final pretrial conference** will be held in Courtroom 8 on **Monday, March 31, 2024**, at **2:00 PM**.

    B.  Unless excused by the Court, each party shall be represented at this conference by lead trial counsel.

    C.  All pending motions and other matters ready for hearing will be considered at the conference.

III. **SCHEDULE OF DISCLOSURES**

    A.  **Government Disclosures**: On or before March 17, 2025, the government shall disclose to the defendant:

        1.  **Exculpatory Information**: any and all exculpatory information identified in Local Rule 116.2 that has not been previously produced;

        2.  **"Prior Bad Acts" Evidence**: a general description, including the approximate date, time, and place, of any "prior bad acts" evidence the government plans to introduce under Fed R. Evid. 404(b);

        3.  **Witnesses**: a list of prospective witnesses the government may call during its case-in-chief, identified by city or town of residence;

        4.  **Witness Statements**: any statement, as contemplated by 18 U.S.C § 3500(e) and Fed. R. Crim. P. 26.2, of a witness that the government may call during its case-in-chief; and

        5.  Exhibits: copies of any exhibits and a pre-marked list of exhibits the government may introduce during its case-in-chief.

    B.  **Defendant Disclosures**: On or before March 20, 2025, the defendant shall disclose

       to the government:

       **1.** **Witnesses**: a list of prospective witnesses the defense may call during its case-in-chief, identified by city or town of residence;

       **2.** **Witness Statements**: any statement, as contemplated by 18 U.S.C § 3500(e) and Fed. R. Crim. P. 26.2, of a witness that the defense may call during its case-in-chief; and

       **3.** **Exhibits**: copies of any exhibits and a pre-marked list of exhibits the defense may introduce during its case-in-chief.

  **C.** **Continuing Disclosure Obligation**: After completing these disclosures, the parties shall be under a continuing obligation to timely disclose any additional witnesses or exhibits that they subsequently develop an intent to call or offer. The government shall make every effort to disclose all relevant information as early as possible. The Court will not tolerate late disclosures without good cause shown.

**IV. PRETRIAL FILINGS**

  **A.** **Motions in Limine**: On or before March 21, 2025, the parties shall file any motions in limine or other requests regarding foreseeable disputes concerning evidentiary issues, including memoranda providing authority for the ruling requested. Oppositions are due by March 26, 2025. Parties shall confer prior to filing any motions in limine to narrow the issues presented to the Court.

  **B.** **Voir Dire Questions and Jury Instructions**: On or before March 17, 2025, the parties shall, jointly or separately, file with the Court any proposed questions for the voir dire examination and any proposed substantive jury instructions, with

citation to supporting authority, though the parties need not submit boilerplate preliminary or post-trial instructions.

    1.    **Oppositions**: On or before March 24, 2025, the parties shall file any objections to the other party's proposed voir dire questions and jury instructions. The parties shall clearly indicate voir dire questions and jury instructions as to which there are no objections and any voir dire questions and jury instructions that are contested. If the objections include proposed modifications of the other party's voir dire questions and jury instructions, such proposed modifications shall be presented using underlining (for proposed additions) and strike-out (for proposed deletions).

    2.    **Editable Versions of the Filings**: The parties shall send editable Word versions of these filings to the Deputy Clerk on the same date the documents are filed with the Court.

C.    <u>Trial Briefs</u>: On or before March 24, 2025, each party shall file a trial brief setting forth any and all remaining or foreseeable disputes concerning issues of law.

D.    <u>Final Pretrial Filings</u>: On or before March 24, 2025, the parties shall file with the Court each of the following:

    1.    **Stipulated Facts**: Any stipulated or admitted facts that the parties agree are not in dispute in a form suitable for presentation to the jury;

    2.    **Witnesses**: a list of prospective witnesses to be brought to the jury's attention during voir dire, identified by city or town of residence, **to be sent by email to the Deputy Clerk and not filed on the public docket**;

      3.      **Rule 16 Statements**: a statement of the qualifications of any prospective government expert witness, any summary of prospective government witness testimony that has been produced to the defendant pursuant to Fed. R. Crim. P. 16(a)(1)(G), and any reciprocal disclosure produced by the defendant pursuant to Fed. R. Crim. P. 16(b)(1)(C);

      4.      **Technology Requests**: any request to use audio-visual equipment or other courtroom technology during trial;

      5.      **Estimate of Length**: an informed estimate of the length of the trial, based on a schedule of 9:00 AM to 1:00 PM, Monday through Friday; and

      6.      **Exhibits**: a joint list of (a) "Uncontested Exhibits," i.e., photographs, documents, instruments, and all other objects, as to which there appear to be no objections, identified and marked by a single sequence of numbers regardless of which party is the proponent, in the form attached hereto as Appendix A, and (b) a list of "Exhibits to be Offered at Trial" of exhibits to which each party reserves the right to object, identified and marked by the party proponent and a separate sequence of capital letters for each party, i.e. Government A-Z and Defendant(s) A-Z, in the form attached hereto as Appendix A.

**E.**    **Courtesy Copies (Electronic)**: On the same date the exhibit lists are filed with the Court, the parties shall provide the Court with a disc containing courtesy copies of all exhibits, labeled according to the sequences described above.

**F.**    **Courtesy Copies (Paper)**: At least one business day before trial, counsel shall provide the Court with 3 paper courtesy copies of all exhibits. The exhibits shall

be pre-marked with exhibit stickers containing the exhibit number or letter set forth in the joint list of exhibits, and should have any extraneous prior exhibit numbers, exhibit stickers, or other numbering removed. If counsel plan to place paper copies of exhibits on the witness stand, counsel should ensure that they come prepared with enough copies of exhibits for both the testifying witness and the examining attorney.

If the Court reschedules the trial, all dates in this Order remain in effect unless counsel file a motion seeking leave of the Court to modify the dates. In any such motion, counsel must provide suggested dates for modification.

**SO ORDERED.**

Dated: November ____, 2024

_____
Hon. Angel Kelley
United States District Judge