UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | DOCKET NO.: 22CR10279 |
| ROGER LUO, Defendant. | ) | |

**DEFENDANT'S LUO'S SENTENCING MEMORANDUM AND INCORPORATED MOTION FOR A VARIANCE FROM THE SENTENCING GUIDELINES PURSUANT TO 18 U.S.C. § 3553**

NOW COMES the defendant, Roger Luo, ("Luo"), through counsel, and hereby moves this Honorable Court for a variance pursuant to 18 U.S.C. § 3553 from the otherwise applicable guideline range both as recommended by the Probation Department in the Presentence Report, ("PSR"), the government and/or from the defendant's final Guideline Sentence as determined by the Court. The defendant also submits the instant Memorandum in support of a non-prison sentence. In support thereof, counsel states the following:

## I. INTRODUCTION

Luo's sentencing is admittedly complex due to the following mitigating circumstances:

1. The Federal Sentencing Guidelines – perhaps more broken than inadequate -, DO NOT afford adequate consideration to first time offenders such as Luo. [1]
2. The First Circuit has recognized, that the Guidelines are a "crude" method for establishing §2B1.1 loss.[2]
3. Luo is the sole caregiver for his minor son.
4. Luo's accomplishments while on supervised release constitute super-acceptance of responsibility. (See letters of support).

Fortunately, Congress has given the Court 18 U.S.C. § 3553 as a means of balancing all of the complex issues surrounding a defendant's sentence.

---

[1] A recent amendment to the Sentencing Guidelines attempts to correct the harshness of sentences given to first offenders by providing them with an additional -2 points. It is respectfully submitted that even though Luo is eligible for this downward adjustment, it is insufficient to fully vindicate the rights of first time offenders.

[2] The PSR at page 9, paragraph 31 utilizes the §2B1.1 loss table for fraud and theft crimes, (as required), which has never made any sense at all. There is no logical basis to equate a crime involving theft with money laundering.

## II. ARGUMENT

### A. THE MANNER IN WHICH THE SENTENCING GUIDELINES EQUATE MONEY LAUNDERING TO MONETARY LOSS CALCULATIONS AND THEN TO THE LENGTH OF INCARCERATION IS FLAWED AND DOES NOT ADEQUATELY ADDRESS THE REALITY OF LUO'S CRIME.

This Court is respectfully urged NOT to sentence Luo at the Sentencing Guidelines range set forth in the PSR, but to find sufficient variances pursuant to the factors set forth in 18 U.S.C. § 3553 in order to sentence him below the Guideline range to a sentence of time served.

The First Circuit has described the Guidelines method for calculating loss as a crude standard. *United States v. Cacho-Bonilla*, 404 F.3d 84, 92 (1st Cir. 2005); *United States v. Parsons*, 141 F.3d 386, 392 (1st Cir. 1998). The crudeness of the calculation is further enhance for crimes of money laundering where the defendant may not even derive any financial benefit from the activity.

In the end, there is simply no logical way to exchange currencies of prison time for dollars stolen and/or dollars laundered . While pretending to serve the purpose of deterrence, the harsher than necessary sentences for financial crimes do not serve victims or the community from which the defendant has allegedly stolen and/or laundered.

In general, incarceration does nothing for the victims of financial crimes. *Gall v. United States,* 552 U.S. 38, 59 (2007)(that in some cases, a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing).

Moreover, the sentencing guidelines are advisory, not mandatory. *United States v. Booker*, 543 U.S. 220 (2005). Federal Courts are now free to tailor individual sentences in light of the factors set forth in 18 U.S.C. § 3553 (a), which includes the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the Defendant; (2) the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the Defendant; and (D) to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment ...; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of Defendant as set forth in the guidelines ...; (5) any pertinent policy statement ...; (6) the need to avoid unwarranted sentence disparities among Defendants with similar records ...; and (7) the need to provide restitution to any victims of the offense.

18 U. S. C. § 3553 (a)(2)(A)(B)(C)(D). The Supreme Court's decisions in *United States v. Booker,* 543 U.S. 220 (2005), *Kimbrough v. United States,* 552 U.S. 85 (2007), and *Gall v. United States, supra*, expand the basis for non-guidelines sentences to include all offender and offense characteristics and to include policy problems in the applicable guidelines, and require judges to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing.

In *Gall,* the court set forth a three step procedure:

First, begin all sentencing proceedings by correctly calculating the applicable Guidelines range. Second, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. Third, the court should explain its findings. *Gall*, 552 U.S. at 50.

In the instant case, the Court is urged to impose a sentence that is reflective of all the § 3553 criteria, but emphasizes the defendant's lack of any criminal history and family circumstances.

It is important to recognize this crime for what it is. Luo was a money currier. He did not earn the money and he did not keep the money. He was paid a

modest fee for his delivery services. There is simply no basis to equate his criminal culpability with the actual perpetrators of the underlying crime or the person who benefitted from the funds that Luo delivered.

**B. LUO SHOULD RECEIVE A DOWNWARD ADJUSTMENT FOR HIS MINOR ROLE IN THE OFFENSE.**

Luo was essentially the "UBER driver" for cash. Paragraph 35 does not give Luo and downward adjustment for his minor role in the offense as a currier. Even if Luo cannot meet the needlessly high bar for the technical definition of a minor participant, this Court can use his comparative blame under 18 U.S.C. § 3553 to accomplish the same result. It is clear that his conduct was limited to driving cash that he did not keep from point A to point B for a fee. As a result, he should receive a minus 2 level reduction or perhaps a hybrid minus 3.

C. **LUO REQUIRES A DOWNWARD VARIANCE WHERE HE IS THE SOLE CARE PROVIDER FOR HIS MINOR SON.**

The unusual circumstances of Luo's single parenting are set forth in paragraph 56 of the PSR where Luo is the sole care provider to his 14 year old son. Luo is married to a woman who moved back to China in 2013 for career advancement purposes, but appears to have disappeared from their lives. Luo and his son have not seen or heard from her since she left.

In *United States v. Thurston,* 544 F.3d 22, 25-26 (1st Cir. 2008), the First Circuit left intact a 24 month sentence imposed by the district court in a case where the defendant had pleaded guilty to a $5,000,000 Medicare fraud. This "dramatic" variance from the five year guideline sentence was supported by the district court's assessment of the § 3553(a) factors and in particular the defendant's good works with others. *Id.*

Likewise, in *United States v. Roselli,* 366 F.3d 58, 69-70 (1st Cir. 2004), the First Circuit denied a Government appeal where the district court had granted a departure for extraordinary family circumstance in a case involving 2 children with serious medical conditions.

More recently, the First Circuit has affirmed that a departure or variance for exceptional family circumstances exist where the defendant's caretaking is "irreplaceable" to the family. *United States v. Herman,* 848 F3d 555 (2017).

This district has also wrestled with a cascade of fraud related sentences using the same 2B1.1 table in the so called "varsity blues" cases. Theses cases stem from the illegal payments and receipt of "bribes", paid by parents to college coaches, test administrators and admissions personnel for fraudulent test results and admissions to colleges and universities. At some point, money was laundered

as in the instant case. It is respectfully submitted that these cases provide excellent comparisons for the money laundering committed in the instant case where the district judge have found *no loss* to any victim. Here, there is clearly no loss to a victim.

As a result of all of the above factors, a sentencing variance is warranted.

**D. ABERRANT BEHAVIOR**

The letters received by the court show the true nature of Luo's character. Luo's criminal conviction truly constitutes aberrant behavior entitling him to a variance from the applicable sentencing guidelines. *United States v. Pozzy*, 902 F.2d 133, 137-138 (1st Cir. 1990); citing *United States v. Russell*, 870 F.2d 18 (1st Cir. 1989). He has no prior record and has worked extremely hard for a lengthy period of his life. Despite his hard work, Luo has found time to contribute even more time and effort to his local church as described in the letters of support.

E. **COMBINATION OF FACTORS**

A combination of the above factors may constitute a separate basis for variance. *Koon v. United States*, 518 U.S. 81, 113-14 (1996); *United States v. Sklar*, 920 F.2d 107, 117 (1st Cir. 1990).

**F. SENTENCING RECOMMENDATION**

Luo has essentially been on probation for 4 years. No additional time is required. Therefore, a sentence of time served is appropriate.

## III. CONCLUSION

Based upon the foregoing arguments and authorities this Honorable Court is respectfully urged to impose a sentence of home confinement, consistent with the arguments set forth herein.

Respectfully submitted,

Peter Charles Horstmann, Esquire
BBO #556377
21 Highland Circle, Suite 202
Needham, Massachusetts 02494
(617) 519-9011

## CERTIFICATE OF SERVICE

I, Peter Charles Horstmann, Esquire, hereby certify that on this 17th day of August, 2026, a copy of the foregoing SENTENCING MEMORANDUM was served electronically, upon AUSA Chris Pohl, 1 Courthouse Way, Boston, MA 02110.

______________________________
Peter Charles Horstmann, Esquire